**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| SIMONE RAY, | Civil Action No. |
| Plaintiff, | 2:12-CV-5698-ES-SCM |
| v. | |
| DENNIS ALLOCCO, et.al., | **REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION [D.E. 3]** |
| Defendants. | |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is defendant United States of America's ("Defendant") motion pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss plaintiff Simone Ray's (hereinafter "Plaintiff") complaint for lack of jurisdiction. Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Esther Salas, United States District Judge, has referred the instant motion to the undersigned for report and recommendation. Having considered the motion record, and for the reasons set forth herein, it is respectfully recommended that Defendant's Motion to dismiss be **granted.**

## II. <u>BACKGROUND</u>[1]

The facts have not been disputed. This case arises from the loss of a package left by the United States Postal Service for plaintiff Simone Ray. On July 27, 2012, Plaintiff received an electronic notification that a package from "Honey B Gold" had been sent out "priority mail" to her that day. (D.E. 1-3, Complaint at 3). The Complaint further alleges that on July 28, 2012 at 11:30 p.m., Plaintiff checked her mailbox, but did not find the package or a notification informing her that the United States Postal Service had attempted delivery or left the package in the hallway. (Id.) On July 31, 2012, Plaintiff checked her tracking information and learned that the package had been delivered on July 28, 2012 at 1:09 p.m. (Id.) Plaintiff was not at home and no one else was in her apartment when the package was delivered. (Id.) The contents were valued at $328.00. (D.E. 1-3, Summons and Complaint).

On about August 23, 2012, Plaintiff filed her Complaint in the Union County Small Claims Court. (D.E. 1-3, Summons and Complaint). The United States Attorney's Office filed a notice on September 20, 2012, removing the case to federal court pursuant to 28 U.S.C. § 1442(a)(1) and § 2679(d)(2).

---

[1] At this stage of the proceedings we are required to accept the facts alleged in the Amended Complaint as true.

Plaintiff has not filed opposition to the removal, has not moved to remand, and has not prosecuted her claim in this Court in any way. Oral argument was scheduled for August 16, 2013, but Plaintiff did not appear and has not since contacted the Court. The efforts of counsel and the Court to contact Plaintiff were placed on the record *in lieu* of oral argument.

## III. <u>Discussion</u>

Defendant asserts three arguments in support of dismissal. See (D.E. 3-4, Defendant's Brief). The Court need not address each of these arguments to resolve this motion.

### A. Doctrine of Derivative Jurisdiction

Pursuant to the doctrine of derivative jurisdiction, "[i]f the state court lacks jurisdiction over the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & O. R. Co.*, 258 U.S. 377, 382 (1922); see also *Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17 (1981). The doctrine's application "often [results] in the dismissal of removed actions that were within the exclusive jurisdiction of the federal courts because the state court where the action was filed lacked jurisdiction." *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 244 (4th Cir. 2007).

Congress amended the general removal statute, 28 U.S.C. § 1441, in 1985 and 2002, to preclude the application of the doctrine of derivative jurisdiction in cases removed under that provision. See *Palmer*, 498 F.3d at 245-46. That abrogation, however, did not extend to cases removed under 28 U.S.C. § 1442, which allows removal where the United States has been sued in state court. See *Turturro v. Agusta Aerospace Corp.*, No. 10-2894, 2010 WL 3239199, at *2-3 (E.D. Pa. Aug. 13, 2010); Bender v. HUD, No. 09-5599 (RMB/KMW), 2010 WL 605741, at *1 n.2 (D.N.J. Feb. 19, 2010); *Pleasant Gardens Realty Corp. v. H. Kohnstamm & Co., Inc.*, No. 08-5582, 2009 WL 2982632 at *6 n.12 (D.N.J. Sept. 10, 2009). Thus, federal courts continue to dismiss cases under the doctrine in actions removed under 28 U.S.C. § 1442(a)(1). See e.g., *Palmer*, 498 F.3d at 248-49; *Turturro*, 2010 WL 3239199, at *3; *Pleasant Garden Realty Corp.*, 2009 WL 2982632 at *6-7; *Scoratow v. Smith*, No. 02:08-cv-1576, 2009 WL 890575, at *4 (W.D. Pa. Mar. 7, 2009) (holding that "it appears from the great weight of jurisprudence" that "the derivative jurisdiction doctrine is still viable with respect to cases removed pursuant to 28 U.S.C. § 1442(a)") (internal citation and quotation marks omitted).

The Court therefore agrees that the doctrine requires that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction. There is no statutory waiver of sovereign

immunity that would have permitted Plaintiff to prosecute her claims against the United States in state court. See *CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008) (noting that federal courts have exclusive jurisdiction of tort claims brought against the United States); *Turturro v. Agusta Aerospace Corp.*, No. 10-2894, 2010 WL 3239199, at *2 (E.D. Pa. Aug. 13, 2010) (noting that FTCA "vests exclusive jurisdiction in the federal district courts over civil claims for damages arising out of negligent acts of federal employees acting within the scope of their employment"). Because Congress did not permit plaintiff to assert her claims against the United States or its employees in state court, this Court is without jurisdiction to consider those claims upon removal. Consequently, this case should be dismissed.


**B. Federal Rule of Civil Procedure 41(b)**

Additionally, the Complaint in this matter may be dismissed by the District Court pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute her claim. Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for failure to "prosecute or to comply with [the] rules or a court order." Fed.R.Civ.P. 41(b). In *Poulis v. State Farm Fire & Cas. Co.*, the Court for the Third Circuit outlined

six factors that the courts must consider in determining whether dismissal with prejudice is warranted:

> (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Here, Plaintiff filed this action pro se in Superior Court and has taken no action to communicate with the Court or prosecute the case since it has been removed. Dismissal is appropriate.

## C. Uncontested Motion

Federal Rule of Civil Procedure 1 prescribes that the rules governing civil actions "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Therefore, a motion that has not been opposed may be granted as uncontested if doing so secures the just, speedy, and inexpensive determination of an action or proceeding.

Local Civil Rule 7.1 requires that motions be made on at least 24-days notice. L.Civ.R. 7.1(a). Defendant filed its motion on September 20, 2012. (D.E. 3). Opposition to any motion is due at least 14 days prior to the original return date, unless the Court otherwise orders or an automatic extension is obtained. L.Civ.R. 7.1(d)(2). The Court established deadline for the motion to be decided on the papers was October 15, 2012. Plaintiff did not oppose the motion or request an extension of time to respond. The motion was then properly considered unopposed. Moreover, Plaintiff has taken no action to oppose the motion in eleven months and did not appear for oral argument.

The motion is not offensive and the relief requested is not unjust. The motion will for all of the foregoing reasons be granted as uncontested.

## IV.  <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that defendant's motion be granted as uncontested and Plaintiff's Complaint be **dismissed** for lack of subject matter jurisdiction and failure to prosecute. Defendant's additional arguments for dismissal should be denied as moot.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

The Clerk of the Court shall mail a copy of this report and recommendation to the plaintiff at the address below.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/19/2013 4:28:48 PM

Date: August 19, 2013

c:

All parties

Simone Ray
224 West 2nd Ave.
Apr. C10
Roselle, NJ 07203